OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Retroactive application of the rates and regulations promulgated by the commissioner in October of 1976 was expressly authorized by statute (Public Health Law, § 2807, subd 2, par [e], L 1976, ch 76, § 11). We find no merit in the appellants’ argument that retroactive application of the rates impaired existing contract rights in view of the fact that the provider agreement does not establish rights to reimbursement under any specific rate or regulation. In addition, with the enactment of subdivision 1 of section 2808 of the Public Health Law, prior to 1976, the appellants were put on notice that the standard of reimbursement had been altered from "cost” factors (Public Health Law, § 2807, subd 3) to consideration of, inter alia, "the operation and program management of the facility, as well as to the quality of patient care provided by the facility.” They were also notified by letter that the amounts received for services provided in 1976 should be considered tentative and subject to adjustment upon adoption of new rates and regulations.
We reject petitioners’ contention that the rates set by the commissioner in October, 1976 were invalid for failure to have received HEW approval under the provisions of section 1396a (subd [a], par [13], Cl [E]) of title 42 of the U. S. Code. In the first instance it is noted that petitioners have not shown that the October rates violated the substantive standards established by the Federal statute which merely requires reimbursement rates to be set "on a reasonable cost related basis”. Furthermore it is made clear by the letter dated September 30, 1976 from the Associate Regional Commissioner of HEW to the State commissioner that HEW would not be able to *756 implement this new requirement or to grant the contemplated approval except for rates effective after January 1, 1977.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs in memorandum.